UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>**KOONTZ-WAGNER CUSTOM CONTROL HOLDINGS LLC,**<br>　　　　Debtor. | Case No. 18-33815<br>(Chapter 7) |
| **RODNEY D. TOW, CHAPTER 7 TRUSTEE,**<br>　　　　Plaintiff,<br>　　　　v.<br>**MARVAIR, A DIVISION OF AIRXCEL, INC.**<br>　　　　Defendant. | Adversary No. 20-03251 |
| **RODNEY D. TOW, CHAPTER 7 TRUSTEE,**<br>　　　　Plaintiff,<br>　　　　v.<br>**INDUSTRIAL CLIMATE ENGINEERING, A DIVISION OF AIRXCEL, INC.,**<br>　　　　Defendant. | Adversary No. 20-03273 |

**JOINT MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS**

Rodney D. Tow (the "Trustee"), in his capacity as chapter 7 trustee for the bankruptcy estate of Koontz-Wagner Custom Control Holdings, LLC (the "Debtor") and plaintiff in the above-captioned adversary proceedings, and Airxcel, Inc., the defendants in the above-captioned

adversary proceedings, file this Joint Motion to Consolidate Adversary Proceedings and respectfully show as follows:

1. The Trustee filed his complaint against Marvair, a division of Airxcel, Inc. in Adversary No. 20-03251(the "Marvair Adversary") on July 6, 2020, seeking to avoid various alleged preferential transfers. Airxcel filed an answer on November 12, 2020. The Trustee and Airxcel have exchanged information and started discussions to resolve the Marvair Adversary.

2. The Trustee filed his complaint against Industrial Climate Engineering, a division of Airxcel, Inc. in Adversary No. 20-03273 (the "Industrial Climate Engineering Adversary") on July 9, 2020, seeking to avoid various alleged preferential transfers. Airxcel filed an answer on January 28, 2021. The Trustee and Airxcel have not yet engaged in settlement discussions with respect to the Industrial Climate Engineering Adversary.

3. The Trustee is represented by separate counsel in the two adversary proceedings. Julie Koenig of Cooper and Scully, P.C. represents the Trustee in the Marvair Adversary. R. J. Shannon of Parkins Lee & Rubio LLP represents the Trustee in the Industrial Climate Engineering Adversary. The Trustee divided the potential preference actions among the attorneys so that counsel would be able to devote adequate attention to each matter. The attorneys for the Trustee did not become aware that Marvair and Industrial Climate Engineering were the same legal entity until after responsibility for the claims was assigned by the Trustee.

4. Michael P. Ridulfo represents Airxcel in both adversary proceedings. He was originally retained only with respect to the Marvair Adversary but now represents Airxcel in the Industrial Climate Engineering Adversary after informing Airxcel of the additional pending action beyond his prior scope of employment.

5.  Pursuant to Rule 42 of the Federal Rules of Civil Procedure, made applicable to these adversary proceedings by Rule 7042 of the Federal Rules of Bankruptcy Procedure, the Parties ask that the that the Marvair Adversary and Industrial Climate Engineering Adversary be consolidated into one case under Adversary No. 20-03251.

6.  The adversary proceedings have common questions of law and fact. In both, the Trustee is seeking to avoid and recover transfers pursuant to Bankruptcy Code §§ 547 and 550. Further, several elements of the cause of action and defenses will be the same for both the Marvair Adversary and Industrial Climate Engineering Adversary.

7.  Consolidation of the adversary proceedings will avoid duplication of services and reduce costs of settlement or litigation for the Debtor's bankruptcy estate and Airxcel. And settlement of one is unlikely without the resolution of both. As Ms. Koenig and Mr. Ridulfo have already exchanged information and discussed resolving the underlying claims, consolidation into Adversary No. 20-03251 would be most economical.

8.  Notwithstanding the foregoing, the Trustee and expressly reserve all rights, claims, and defenses with respect to the claims and defenses asserted in the Marvair Adversary and Industrial Climate Engineering Adversary and request that any order granting this motion provide for the same.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, PREMISES CONSIDERED, the Trustee and Airtex respectfully request that the above-captioned adversary proceedings be consolidated into Adversary No. 20-03251.

Dated: January 29, 2021

Respectfully submitted,

**PARKINS LEE & RUBIO LLP**

*/s/R. J. Shannon*
R. J. Shannon (TBA No. 24108062)
Pennzoil Place
700 Milam Street
Houston, TX 77002
Telephone: (713) 715-1660
Email: rshannon@parkinslee.com
*Counsel to Rodney D. Tow as Plaintiff in Adversary No. 20-03273*

-and-

**COOPER & SCULLY, P.C.**

*/s/Julie M. Koenig*
Julie M. Koenig (TBA No. 14217300)
815 Walker, Suite 1040
Houston, TX 77002
Telephone: (713) 236-6800
Email: julie.koenig@cooperscully.com
*Counsel to Rodney D. Tow as Plaintiff in Adversary No. 20-03251*

-and-

**KANE RUSSEL COLEMAN LOGAN PC**

*/s/Michael P. Ridulfo*
Michael P. Ridulfo (TBA No. 16902020)
Galleria Tower II
5051 Westheimer Road, 10th Floor
Houston, TX 77056
Telephone: (713) 425-7400
Email: mridulfo@krcl.com
*Counsel to Airxcel, Inc.*

## **CERTIFICATE OF SERVICE**

    I herby certify that on January 29, 2021, the forgoing document was served through the Court's CM/ECF System on the parties registered to receive such service.

                                        */s/R. J. Shannon*
                                        R. J. Shannon